IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| v. | * | **Criminal No.: DKC-11-72** |
| | * | |
| **TERRELL LOTT** | * | |

## MOTION TO SUPPRESS STATEMENT

**COMES NOW**, the Terrell Lott, the Defendant, by and through counsel Michael E. Lawlor and Andrew R. Szekely, Lawlor & Englert, LLC, and requests that this Honorable Court suppress Mr. Lott's videotaped statement and in support thereof states the following.

### I. FACTUAL BACKGROUND

Mr. Lott is charged in a three-count indictment stemming from an incident that is alleged to have started with a carjacking in Prince George's County Maryland. The carjacking was followed by a high-speed car chase and ending with shots being fired at police officers in the District of Columbia. Mr. Lott was arrested at approximately 4:30 a.m. on September 24, 2010.

After being arrested, Mr. Lott was detained for processing and questioning at a police station in the District of Columbia. Later that day. Mr. Lott was taken into an interview room that was under video surveillance.[1] Two detectives employed by the Metropolitan Police Department entered the room shortly after 1 p.m. and began to inform the Defendant of his

---

[1] A DVD containing the entirety of the 46 minute statement will be forwarded to chambers in advance of the motions hearing.

1

*Miranda* rights.

At approximately 11 minutes into the recording, Mr. Lott was told he was under arrest and that he could stop the questioning at any time. Two minutes later, Mr. Lott asked whether he could "stop whenever I want and get a lawyer?". One of the detectives stated there was "no doubt about that." Within 30 seconds of that question, Mr. Lott asked that if signed the *Miranda* waiver could he still stop the questioning later. He was told that he could. Following that exchange and a further review of his rights, Mr. Lott agreed to waive his *Miranda* rights and submit to questioning without the presence of an attorney.

One of the detectives then began to explain to Mr. Lott what evidence they had collected against him. Approximately 26 minutes into the recording Mr. Lott states, "I ain't got nothing else to say, get my lawyer." The detectives continuing discussing the case with Mr. Lott. Nine minutes later, 35 minutes into the recording, Mr. Lott states "I'm done talking, get my lawyer." Following an additional several minutes of interrogation, Mr. Lott, during the 38th minute of the interrogation, states, "I want my lawyer, I'm done talking." In response a detective responds, "You're just killing yourself." A minute later Mr. Lott states that all he wants is a "phone call and my lawyer." At this point the detectives finally end the questioning.

## II. ARGUMENT

That interrogation must stop when an accused asserts the right to counsel is at the heart of *Miranda v. Arizona*, 384 U.S. 436, 474 (1966). Therefore once an "individual states

that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent." *Id.* Questioning may not resume until an attorney is present or unless the accused initiates further communications with the police. *United States v. Johnson*, 400 F.3d 187, 193 (4th Cir. 2005) (citing *Edwards v. Arizona*, 451 U.S. 477, 485 (1981)).

Likewise, if during questioning a suspect wishes to assert his right to silence, questioning must also cease. *Miranda*, 384 U.S. at 473-74. If questioning continues after a suspect wishes to assert his right to remain silent "any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise." *Id.* Any invocation of the right to remain silent must be "scrupulously honored." *Id.* at 479. In this motion, Mr. Lott asserts that the actions of the police violated both his right to have counsel at questioning and his right to remain silent.

In analyzing statements taken in violation of *Edwards*, this Court must first determine whether Mr. Lott invoked his right to counsel. *Johnson*, 400 F.3d at 194 (citing *Smith v. Illinois*, 469 U.S. 91, 95 (1984)). Then this Court must look to see who initiated the further discussions that led to the statement. *Id.* If the statements taken after counsel was invoked were the result of either contact initiated by law enforcement or there was no knowing and intelligent waiver of the right to counsel, the statement must be suppressed. *Id.*

Looking at Mr. Lott's invocation of his right to counsel, it is clear that 26 minutes into his interrogation, Mr. Lott made an unequivocal request for counsel. Numerous courts have held that equivocal statements regarding counsel are not sufficient to trigger the exclusionary rule when they are ignored. *See e.g.*, *Davis v. United States*, 512 U.S. 452, 459-92 (1994) ("Maybe I should talk to a lawyer") and *Burket v. Angelone*, 208 F.3d 172, 178 (4th Cir. 2000) ("Do you think I need an attorney here?").

By contract, Mr. Lott's statement "I ain't got nothing else to say, get my lawyer," was unequivocal. There was no doubt in Mr. Lott's statement. A viewing of the statement indicates that his tone is firm in making the request. If the detectives had any doubt that he wanted a lawyer, his statement nine minutes later that he wanted to stop talking and get a lawyer further reiterated Mr. Lott's desire to terminate questioning and obtain counsel. It was not until his fourth demand for counsel that the detectives ceased their interrogation and honored Mr. Lott's desire to stop the questioning and obtain counsel.

As for the second prong, a viewing of the video shows that the police were the party to reinitiated the contact with Mr. Lott. Indeed, unlike the majority of cases in this vein wherein the police cease questioning and return later for further interrogation, here the police simply disregarded Mr. Lott's demand for counsel. The second element required for suppression, the lack of a waiver or defendant reinitiating of contact, is also met. This Court should therefore suppress all statements by Mr. Lott from his first assertion of his right to counsel through the end of the statement.

In addition to asserting his right to counsel, Mr. Lott also asserted his right to remain silent. This invocation took the form of his statements that he didn't have anything else to say and similar statements made later in the recording. Just as the police ignored Mr. Lott's demands for counsel, they did not "scrupulously honor" his desire to stop questioning. As Mr. Lott did not later waive his right to remain silent, the proper remedy is suppression of his statement. *Miranda*, 385 U.S. at 479.

**WHEREFORE**, Mr. Lott's statement should be suppressed and the Government barred from using it as substantive evidence at trial in this case.

Respectfully,

/s_____
Michael E. Lawlor
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 608
Greenbelt, Maryland 20770
301.474.3404

## CERTIFICATE OF SERVICE

  I hereby certify that on this day, April 27, 2011, a copy of the foregoing was delivered via electronic case filing to the Office of the United States Attorney, 6300 Cherrywood Lane, Greenbelt, MD 20770.

                /s_____
                Michael E. Lawlor