IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CIVIL NO. DKC-13-cv-03532** |
| | * | |
| **RICKEY CURVEY,** | * | **CRIMINAL NO. DKC-11-cr-00072** |
| | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Comes now, the United States of America, by and through undersigned counsel, and responds to Defendant's Motion to Vacate, Set Aside, or Correct Sentence ("Defendant's Motion"). For the reasons stated below, Defendant's Motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about September 24, 2010, at approximately 3:00 a.m., Defendant Rickey Curvey and a co-conspirator drove a white Honda Accord to an Exxon gas station located at 4747 Silver Hill Road, Suitland, Prince George's County, Maryland. Dkt. 38-1 at 1. The white Honda Accord had been stolen from another gas station in Prince George's County on September 15, 2010. *Id*. Curvey exited the white Honda Accord and approached two male victims who had arrived in a red Toyota Avalon. *Id*. While brandishing a firearm, Curvey stole property, including cellular telephones and United States currency, from the two victims. *Id*. Curvey held the firearm to the body of one of the victims, pointed the firearm at the second victim, and threatened to shoot both of them. *Id*. While brandishing the firearm, Curvey also carjacked the red Toyota Avalon in the presence of the two victims. *Id*. Curvey drove the red Toyota Avalon

1

away from the gas station, followed by his co-conspirator in the white Honda Accord. Dkt. 38-1 at 1. This incident was captured on the gas station's video surveillance system. *Id*.

Soon after the carjacking, Curvey parked the red Toyota Avalon and reentered the white Honda Accord. *Id*. One of the carjacking victims called 911, and Prince George's County police officers were dispatched to the area. *Id*. When a marked Prince George's County police vehicle attempted to stop the white Honda a few minutes after the carjacking, Curvey and his co-conspirator fled in that vehicle towards Washington, D.C. at a high rate of speed, with police officers in pursuit. *Id*. The chase ended when the vehicle crashed in Washington, D.C. *Id*.

Curvey and his co-conspirator exited the Honda Accord and attempted to flee on foot. Dkt. 38-1 at 1. Curvey pointed a firearm in the direction of the Prince George's County police officers and discharged the weapon as he attempted to flee. *Id*. The officers returned fire and Curvey and his co-conspirator were eventually apprehended by Metropolitan Police officers. *Id*. The officers later recovered a Browning 9mm semi-automatic firearm (serial number 296518) from a yard near where Curvey was stopped. *Id*. The firearm contained eight 9mm cartridges in the magazine. *Id*. The firearm had a spent bullet casing that was jammed in the firearm's ejection port, meaning that the firearm had discharged and the casing did not properly clear the ejection port, causing the firearm to jam. *Id*. at 1-2.

On February 9, 2011, a grand jury in the District of Maryland charged Curvey in a three-count indictment with conspiracy, in violation of 18 U.S.C. § 371; carjacking, in violation of 18 U.S.C. § 2119; and use of a firearm in commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 1.

On November 23, 2011, pursuant to a plea agreement, Curvey pled guilty to Count Two (carjacking) and to Count Three (use of a firearm in commission of a crime of violence). Dkt.

82, 83.  On April 9, 2012, Curvey was sentenced to a total term of 168 months, consisting of 48 months on Count Two and a consecutive term of 120 months on Count Three.  Dkt. 97.

On April 20, 2012, Curvey filed a notice of appeal from the district court's judgment, and thereafter filed a formal appeal.  Dkt. 99.  Upon a motion by the Government, the United States Court of Appeals for the Fourth Circuit dismissed the appeal on November 26, 2012, finding that Curvey waived his right to appeal his conviction and the sentence imposed, as provided in his plea agreement.  Dkt. 108.  Curvey timely filed the instant motion on November 22, 2013.  Dkt. 112.

## DEFENDANT'S MOTION

First, Curvey alleges ineffective assistance of trial counsel, former Assistant Federal Public Defender Andrew Carter, Esq., because he negotiated a plea deal in which Curvey pled guilty to Count Two and Count Three of the indictment, arguing that he had maintained his innocence as to Count Three.[1]  Defendant's Motion at 6.  Second, Curvey alleges that his plea agreement was unknowingly and involuntarily entered into because his trial counsel did not advise him about a defense strategy that could have been used to contest Count Three. Defendant's Motion at 6.  Third, Curvey alleges ineffective assistance of appellate counsel, Susan Hensler, Esq., because she did not appeal his conviction as to Count Three. Defendant's Motion at 6.  All of Curvey's claims lack merit.

## ANALYSIS

I.   *Neither Trial Counsel Nor Appellate Counsel Provided Ineffective Assistance*

Claims of ineffective assistance are analyzed under the following two-prong test:

---

[1]   Relatedly, Curvey also alleges that trial counsel was ineffective in failing to contest Count Three as he intended, and as a result, he was subjected to a much higher penalty than he would have faced had Count Three been successfully contested.

3

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1985); *see also Hill v. Lockhart*, 474 U.S. 52 (1985); *Roach v. Martin*, 757 F.2d 1463 (4th Cir. 1985).

In order to meet the test's first requirement, a defendant must show that his counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Strickland*, 466 U.S. at 687. There is a strong presumption that defense counsel's conduct was competent. *Id*. at 689.

To satisfy *Strickland*'s second requirement, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The mere possibility that the result would have been different will not suffice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986).

Moreover, "[t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence. . . . A verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989) (citations and internal quotations omitted).

    A.    *Trial Counsel*

Trial counsel did not provide ineffective assistance in negotiating the plea deal that was signed by Curvey. Indeed, during his Rule 11 colloquy, Curvey explicitly stated that he was satisfied with his counsel's performance. Curvey stated that he met with his counsel numerous

times to talk about the charges and his decision to plead guilty, that his counsel spent adequate time discussing the case, that his counsel answered all of his questions, and, ultimately, that Curvey was satisfied with the assistance his counsel provided. Dkt. 107 at 20.

While Curvey now claims that his trial counsel was ineffective for negotiating a plea agreement that included Count Three despite Curvey's claims of his innocence, Curvey signed the plea agreement, which clearly stated he was pleading guilty to Count Three, the firearm charge. Dkt. 83. Moreover, Curvey admitted in the attached factual stipulation to the plea agreement that the Government could prove beyond a reasonable doubt that he carried and discharged a firearm during the course of the charged offenses. Dkt. 83, 83-1. The Statement of Facts reads, in the relevant part:

> While brandishing a firearm, CURVEY stole property, including cellular telephones and United States currency, from the two male victims. CURVEY held the firearm to the body of one of the victims, pointed the firearm at the second victim, and threatened to shoot them. CURVEY, still brandishing the firearm, then carjacked the red Toyota Avalon from the presence of the two victims.
>
> ***
>
> CURVEY pointed a firearm in the direction of the Prince George's County police officers and discharged the weapon as he attempted to flee.

Dkt. 83-1 at 2. Curvey also placed his signature underneath the following words:

> I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney,

Dkt. 83 at 8. Likewise, at the plea colloquy, the Government read aloud the factual stipulation in open court, and Curvey agreed that the facts were true and that he was, in fact, guilty of the offenses set forth in Count Two and Count Three. Dkt. 107 at 15.

In addition, during the Rule 11 colloquy, the Court explained the substance of Count Three,[2] and Curvey clearly indicated his intent to plead guilty to both Count Two and Count Three.

| | | |
|---|---|---|
| CLERK: | | How do you wish to plead? |
| DEFENDANT: | | Guilty. |
| CLERK: | | Guilty as to which count? |
| DEFENDANT: | | Two and three. |
| CLERK: | | The plea is guilty to Counts two and three, and not guilty to Count one of the indictment, is that correct? |
| DEFENDANT: | | Yes, ma'am. |

Dkt. 107 at 3.

The Court reviewed the plea agreement with Curvey, informing him, "It tells me you have agreed to plead guilty to Counts Two and Three of the Indictment, charging you with carjacking, and with the use of a firearm in the commission of a crime of violence." Dkt. 107 at

---

[2] At the very beginning of the proceeding, the clerk and the Defendant had the following exchange:

| | |
|---|---|
| COURT: | Count three charges that on or about September 24, 2010, again in Maryland and elsewhere, you did knowingly possess, use and discharge a firearm during and in furtherance of a crime of violence, for which you may be prosecuted in a court of the United States, that is the conspiracy to commit carjacking that's alleged in Count one, and the carjacking, which is alleged in Count two, and those charges are incorporated in this count. This is alleged to have violated Title 18 of the United States Code, section 924(c). And, again, there is an aiding and abetting allegation. Do you understand the charge in Count three of this indictment? |
| DEFENDANT: | Yes, ma'am. |

Dkt. 107 at 5.

6

11.  The Court informed Curvey that Count Three carried a ten year mandatory minimum sentence that would be imposed consecutive to any sentence imposed for Count Two.  Dkt. 107 at 6, 17.

The Court also clearly informed Curvey that he had the right to plead not guilty and to proceed to trial, rights that he would give up by entering a plea of guilty.  Dkt. 107 at 6-8.

> COURT: I wanted to make certain that you understand you have the absolute right to plead not guilty.  No one can make you come into court and enter a guilty plea.  If you plead not guilty, you are presumed to be innocent.  That means you cannot be found guilty unless there is a trial at which your guilt is proven beyond a reasonable doubt . . . Do you understand all of those rights that you give up by pleading guilty?
>
> DEFENDANT: Yes, ma'am.

Dkt. 107 at 8.  The record plainly reflects that Curvey never expressed any intent to plead not guilty, nor did he convey any reservations whatsoever about his decision to plead guilty.  Curvey stated that no one had made any promises, inducements, or threats to encourage him to enter his guilty plea, indicating that his decision to plead guilty was voluntarily made.  Dkt. 107 at 20.

In sum, the district court properly conducted the Rule 11 hearing, and clearly informed Curvey of the charges against him and the consequences of pleading guilty.  The district court ensured that there was a factual basis to the plea and that Curvey knowingly elected to plead guilty.[3]  At the plea colloquy, Curvey did not maintain his innocence.  To the contrary, he

---

[3]  After government counsel read the factual stipulation signed by defendant, the Court ensured that defendant understood the factual basis upon which he was pleading guilty.

> COURT: Mr. Curvey, did you hear the facts when they were read out loud by Mr. Lenzner?
>
> DEFENDANT: Yes.

7

admitted, under oath and without reservation, that he was guilty of both Count Two and Count Three and the underlying factual allegations. Dkt. 107 at 15. Curvey's declarations at his Rule 11 hearing "carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and absent compelling evidence to the contrary, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). Because Curvey unequivocally admitted his guilt during a properly conducted Rule 11 colloquy, he is effectively precluded from arguing that his plea was not knowingly and voluntarily given. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995)) (a proper Rule 11 hearing creates a strong presumption that the plea is final and binding). As such, his claim that his counsel erred in permitting him to plead guilty to Count Three lacks merit.

Furthermore, even if trial counsel had provided Curvey with misinformation about the pleading process, any misinformation was corrected by the Court during the properly conducted Rule 11 colloquy, which clearly informed Curvey he was pleading guilty to both Count Two and Count Three and that by pleading guilty he was giving up the right to proceed to trial. *See United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (*en banc*), cert. denied, 115 S. Ct. 672 (1994) ("If, however, at the Rule 11 hearing, the court specifically warns the defendant of possible results different from those he anticipated because of the prior event or advice, then the defendant bears a heavy burden when attempting to demonstrate that the prior event or advice

---

| | |
|---|---|
| COURT: | Do you agree that all of those facts are true? |
| DEFENDANT: | Yes. |
| COURT: | Do you agree that you are, in fact, guilty of the offenses set forth in Counts two and three of the indictment? |
| DEFENDANT: | Yes. |

Dkt. 107 at 15.

should form the basis of a fair and just reason for a later withdrawal of his plea."). In light of the district court's extended colloquy with Curvey in the instant case, Curvey cannot reasonably maintain that he was misinformed about the plea agreement that he entered into with the Government. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995); *Lambey*, 974 F.2d at 1395 ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant.").

      B.    *Appellate Counsel*

Next, Curvey's appellate counsel was not ineffective for failing to challenge his conviction as to Count Three. Pursuant to his signed plea agreement, which was accepted by the district court after a thorough Rule 11 colloquy, Curvey waived his right to appeal the sentence imposed. Curvey's conviction and sentence as to Count Three, which he now challenges, is clearly within the scope of the waiver in Curvey's plea agreement, which reads in pertinent part as follows:

> The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal the sentence to the extent that it includes an aggregate term of imprisonment that exceeds the guidelines range associated with offense level of 19 as to Count Two, and a ten-year consecutive sentence as to Count Three; and, (ii) this Office reserves the right to appeal a sentence that includes an aggregate term of imprisonment that is below the guidelines range associated with offense level of 19 as to Count Two, and a ten-year consecutive sentence as to Count Three.

Dkt. 83 at 6. In this case, Curvey ultimately was sentenced to a total term of 168 months, consisting of 48 months on Count Two and a consecutive term of 120 months (ten years) on Count Three. Dkt. 106. With regard to Count Two, both parties agreed (as provided in the plea agreement) that the final offense level was 19. *Id*. The district court agreed with the Presentence Report that the defendant's criminal history score was a V, meaning that the advisory guidelines range was 57-71 months for Count Two. *Id*. at 36. The district court then sentenced Curvey to a term of imprisonment of 48 months for Count Two—<u>below</u> the advisory guideline range, as contemplated in the appeal waiver provision of the plea agreement. *Id*. at 39. Because the Court imposed a sentence that was below the guideline range associated with offense level 19 as to Count Two coupled with a 10-year consecutive sentence as to Count Three, Curvey's sentence fell squarely within the parameters of his waiver of appellate rights.

Courts generally find a waiver of appeal to be valid and enforceable where the district court fully questions a defendant regarding the waiver during a plea colloquy performed in accordance with Rule 11. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). During Curvey's Rule 11 colloquy, the district court specifically reviewed the appeal waiver provision in the plea agreement:

> COURT: In addition to the trial right that I reviewed with you that you give up by pleading guilty, your plea agreement contains a waiver of some of your rights to appeal. Specifically, you're giving up your right to appeal the conviction, that is the determination of guilt and, secondly, you're giving up some of your rights to appeal the sentence. If I sentence you at a level 19 on the guideline table for Count Two, and impose the ten year consecutive sentence on Count Three, or give you a lower sentence, you are giving up your right to appeal. Do you understand that?
>
> CURVEY: Yes, ma'am.

Dkt. 107 at 18.

Curvey cannot now challenge appellate counsel's failure to raise the issue on appeal, as he cannot show error, let alone prejudicial error. *See United States v. Bass*, 2012 U.S. App. LEXIS 19942, at *2 (4th Cir. 2012) (a reviewing court should enforce a waiver where the issue being appealed is within the scope of the waiver); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992) (if a party files an appeal despite a knowing and intelligent waiver of that party's right to appeal, the proper remedy is the dismissal of the appeal). Furthermore, as previously noted, the Fourth Circuit already has dismissed defendant's direct appeal due to the appellate waiver. *United States v. Curvey*, No. 12-4309, Dkt. 31.

II. *The Defendant Knowingly and Voluntarily Entered a Guilty Plea as to Both Count Two and Count Three of the Indictment*

Finally, Curvey's claim that his plea agreement was unknowingly and involuntarily entered into because his trial counsel did not advise him about a defense strategy that could have been used to contest Count Three also lacks merit.

Curvey does not state what defense strategy could have been utilized, and in any event, Curvey's plea was knowingly and voluntarily entered. A plea is presumed to be knowing and voluntary if it is given after an appropriately conducted Rule 11 hearing. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (an appropriately conducted Rule 11 hearing raises a strong presumption that the plea is final and binding). As previously noted, the Court conducted a very thorough Rule 11 colloquy, which demonstrates that Curvey's guilty plea was both knowing and voluntary. In addition to reviewing all salient aspects of the plea agreement with Curvey and ensuring that he received adequate assistance from counsel, the district court also confirmed that no one made any promises, inducements, or threats to induce Curvey to plead guilty. Dkt. 107 at 20.

**CONCLUSION**

Based on the foregoing, the Government respectfully requests that the Defendant's Motion be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

\_\_\_\_/s/_____
Molly Thebes
Special Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770
(301) 344-4433

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24, 2014, the foregoing document, the Government's Response to Defendant's Motion to Correct, Vacate, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255, was sent by first-class mail, postage prepaid, to the address listed below:

                                  Rickey Curvey, # 00638-707
                                  USP Hazelton, P.O. Box 2000
                                  Bruceton Mills, WV 26525

                                  _____/s/_____
                                  Molly Thebes
                                  Special Assistant United States Attorney